IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:06CR-49 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| MIGUEL SAUSTIGUE-MORENO, ) | |
| ) | |
| Defendant. ) | |

  This case is before the court on the defendant's Motion for Competency Evaluation [17] , requesting that the court order the defendant to be examined pursuant to 18 U.S.C. § 4241.

  On June 26, 2006, following an evidentiary hearing, I granted the Motion and ordered [20] commitment of the defendant to the Attorney General for placement in a suitable facility to be examined for a reasonable period of time, not to exceed four (4) months, to determine whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him, or to assist properly in his defense.

  On July 17, 2007 I received a report from the Federal Bureau of Prisons which included the ordered forensic evaluation.

  On July 19, 2007 I ordered [27] that a competency hearing for the defendant be held on July 26, 2007 at 9:00 A.M.

  On July 26, 2007 a hearing was held on whether the defendant was mentally competent to be able to understand the nature and consequences of the proceedings

against him and to assist properly in his defense. The court received into evidence a forensic evaluation (Ex. 1), copies of which had been previously provided to counsel of record. No additional evidence was adduced.

I find by a preponderance of the evidence that the defendant is not suffering from a mental disease or defect that renders him mentally incompetent to understand the nature and consequences of the proceeding against him, or to assist properly in his defense, pursuant to 18 U.S.C. § 4241.

**IT IS ORDERED:**

1. The defendant is not suffering from any mental disease or defect which renders him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense pursuant to 18 U.S.C. § 4241.

2. This case will be progressed by separate order.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) calendar days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order ***is clearly erroneous or contrary to law***. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. See NECrimR 57.2(d).

Dated this 26th day of July 2007.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge